No. 28,280.

THE STATE OF KANSAS, *Appellee*, v. LIZZIE RUTLEDGE, *Appellant*.

(267 Pac. 998.)

Opinion filed June 9, 1928.

*Louis W. Johnson*, of Kansas City, for the appellant.

*William A. Smith*, attorney-general, *Roland Boynton*, assistant attorney-general, *Arthur J. Mellott*, county attorney, and *H. J. Emerson*, deputy county attorney, for the appellee.

The opinion of the court was delivered by

HOPKINS, J.: The defendant appeals from a conviction of keeping and exposing lottery tickets for sale. This case is companion to *State v. Rutledge*, ante, p. 371. The facts are sufficiently stated in the former case and need not be repeated.

The principal question is whether the evidence was sufficient to support the conviction. The defendant contends that the only evidence against her was the finding of the paraphernalia at her home; that there was no evidence that she kept or exposed lottery tickets for sale, either directly or indirectly, or by aiding and abetting; that the verdict was based wholly upon presumption of guilt; that she did not have the benefit of a reasonable doubt and that the verdict was a compromise.

The state contends that the defendant refused to admit promptly the officer when he exhibited his star; that she immediately pulled the blind, rushed to her dining-room table and scattered therefrom numerous papers admitted to be policy paraphernalia, consisting of tickets, records of alleged sales of tickets and slips showing winning numbers drawn from the wheel, all in quantities, varieties, forms and stages of the game, indicating that such tickets were kept and exposed for sale. It is argued that there was no reason for her throwing this paraphernalia from the dining table if she did not know she was exposing it for sale. We have consid-

ered the evidence, the surrounding circumstances, and the fair inferences reasonably to be drawn therefrom and are of opinion the verdict was not without support.

Various authorities cited and relied upon by the defendant are more applicable to offenses against the gambling laws than the facts here. Attention is challenged to the fact that the jury asked the trial court to extend leniency to the defendant. The trial court considered such a request and denied it. Moreover, the matter is not one of which cognizance may be taken on appeal. Other contentions by the defendant have been considered, but we find no error.

The judgment is affirmed.